## STATE OF FLORIDA v REPRESS
### Case No. 84-978-CF
Nineteenth Judicial Circuit, Martin County, Florida

December 17, 1987

## OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

This matter came on for hearing pursuant to defendant's Motion for Post Conviction Relief in accordance with Fla. R. Crim. P. 3.850. The Court having reviewed the transcripts of testimony and taking evidence has concluded that for reasons to be discussed in the body of this opinion, the motion is denied.

Respondent relief principally upon three grounds to establish that trial defense counsel Lawrence Roberts was deficient:

(1) trial counsel's failure to depose a witness who was essential to proper prosecution of defendant's motion to suppress. Testimony at

the hearing revealed that Mr. Roberts utilized the non criminal traffic hearing to conduct a full and vigorous examination of the witness without the State even being present. This was obviously a question of trial tactics.

(2) trial counsel's failure to advise the defendant of the consequence of his entry of a plea; i.e., a fifteen year minimum mandatory sentence. A review of the Plea Hearing clearly reveals that defendant, under oath, stated that he understood that the minimum mandatory was applicable, (pages 11-12-13), that he was fully satisfied with his attorney, and that he understood his rights under the law and the consequences of waving thus rights. Mr. Roberts testified that he met with his client on three occasions and reviewed and investigated the case fully. In Mr. Roberts' view, the Motion to Suppress, which was decided adversely to the defendant, was clearly case dispositive. Mr. Roberts also testified that he felt the appeal issues arising from search and seizure hearing were significant. Thus, Mr. Roberts felt that that the best course, under the circumstances, was to accept a good plea agreement and prosecute the appeal. Mr. Roberts also voiced his main concern was to minimize his client's exposure to consecutive sentences.

The Court has reviewed the transcript of the suppression hearing and the facts adduced at the hearing. Mindful of the deference to be paid to tactical decisions of trial counsel, the Court must conclude that defendant has failed to establish any of the *Knight* criteria beyond a specific allegation of ineffective assistance. *(See, Lee Knight v. State,* 394 So.2d 997 at page 1001, Headnote 2-3).

Thus, the Court specifically finds that on the facts, defendant has failed to demonstrate:

(1) a specific omission or overt act upon which to base a claim of ineffective assistance of counsel.

(2) Assuming arguendo that the foregoing is incorrect, the record is devoid of evidence to support a showing that any shortcoming was substantial or serious and measurably below a standard of competent counsel.

(3) Finally, there is no evidence to support a finding that any shortcoming, even if established, would have changed the outcome of this case.